UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MONIQUE MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-04348-JPH-DML |
| | ) |
| CIVIL, | ) |
| | ) |
| Defendant. | ) |

**ORDER GRANTING MOTION TO PROCEED**
***IN FORMA PAUPERIS*, SCREENING COMPLAINT,**
**AND DIRECTING FURTHER PROCEEDINGS**

### I. Filing Fee

Ms. Miller's motion to proceed *in forma pauperis*, dkt. [2], is **GRANTED**. *See* 28 U.S.C. § 1915(a). While *in forma pauperis* status allows Ms. Miller to proceed without prepaying the filing fee, she remains liable for the full fees. *Ross v. Roman Catholic Archdiocese of Chicago,* 748 F. App'x 64, 65 (7th Cir. Jan. 15, 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' . . . but not without *ever* paying fees."). No payment is due at this time.

### II. Screening

Under 28 U.S.C. § 1915(e)(2)(B), a district court is directed to "dismiss the case at any time" if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Dismissal under this statute is an exercise of the Court's discretion. *Denton v. Hernandez,* 504 U.S. 25, 34 (1992). In

1

determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). *Pro se* complaints are construed liberally and held "to a less stringent standard than formal pleadings drafted by lawyers." *Perez v. Fenoglio,* 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

Here, Ms. Miller's complaint fails to state a claim for relief that is plausible on its face. While the caption lists "civil" as a defendant, it does not provide the name or address of any defendant. Dkt. 1 at 2. Ms. Miller checked boxes indicating that she intends to bring a *Bivens* claim and a section 1983 claim, but she has not provided any facts in support of a claim. *Id.* at 3-4. Without this information, the complaint does not allow the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Therefore, the complaint is **DISMISSED** for failure to state a claim upon which relief can be granted.

### III. Further Proceedings

Ms. Miller's complaint must be dismissed for the reasons set forth above. Ms. Miller shall have **through December 17, 2019**, in which to show cause

why Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

**SO ORDERED.**

Date: 11/26/2019

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MONIQUE MILLER
1033 E. Washington Street
Indianapolis, IN 46202